UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>MANUEL FLORES-RODRIGUEZ II,<br><br>                          Defendant. | Case No.: 24-cr-02386-H-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS IN LIMINE**<br><br>[Doc. Nos. 77, 80.] |

      On September 15, 2025, Defendant Manuel Flores-Rodriguez II, represented by Federal Defenders, filed motions in limine. (Doc. No. 77.) On September 16, 2025, the Government filed motions in limine. (Doc. No. 80.) On September 22 and 23, 2025, the parties each filed their respective responses in opposition to the motions in limine. (Doc. Nos. 87, 89.) On September 23, 2025, Defendant filed an additional motion in limine. (Doc. No. 90.) On September 26, 2025, the parties filed replies in support of their initial motions in limine, and the Government filed an opposition to Defendant's September 23, 2025 motion in limine. (Doc. Nos. 97, 98, 99.)

      The Court held a hearing on the parties' motions in limine on September 29, 2025. Edward Chang and Daniel F. Casillas appeared for the Government. Carson P. Baucher and Marissa A. Martinez appeared for Defendant. For the reasons below, the Court grants

1

in part and denies in part the parties' motions in limine.

## Background

On November 7, 2024, the Government filed an indictment charging Defendant with one count of transportation of certain aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (Doc. No. 22.) That same day, Defendant received an arraignment hearing, and he entered a plea of not guilty. (Doc. No. 23.) A trial in this case has been continued to Wednesday, October 1, 2025 at 9:00 a.m. (Doc. No. 61.) In advance of the trial, the parties have filed several motions in limine. (Doc. Nos. 77, 80.)

## Discussion

**I.      Government's Motion in Limine No. 1**

The Government's first motion in limine requests that the Court admit body worn camera video recordings of Defendant's car when he parked at the business in Tecate prior to this arrest; the immigration inspection of the material witness; and Defendant's statement that the material witness was his aunt named Lupe. (Doc. No. 80 at 9–10.)

In response, Defendant states that it partially opposes this motion in limine. (Doc. No. 89 at 1–2.) Defendant explains that he does not object to the admission of the body worn camera footage from the date of the incident generally provided that the Government lays a proper foundation. (Id. at 1.) Defendant, however, objects to the admission of one specific video clip depicting the interaction between the Border Patrol Agent Wemhoerner and the material witness where Agent Wemhoener repeats statements that were made by the material witness. (Id. at 1–2.) Defendant argues that these statements by Agent Wemhoerner are inadmissible hearsay and violate the Confrontation Clause. (Id. at 2.)

In reply, the Government contends that the statements at issue by Agent Wemhoener are not hearsay because they are not being use for the truth of the matter asserted, and, even if they were hearsay, they would qualify for the present sense impression exception to hearsay. (Doc. No. 99 at 1–2.) The Government further argues that there is no Confrontation Clause issue because the material witness will testify at trial as part of the Government's case-in-chief, so Defendant will have the opportunity to cross-examine her

about her statements. (Id. at 2.)

The Court grants the Government's first motion in limine. The Court admits the body worn camera video recordings subject to the Government laying a proper foundation at trial and without prejudice to contemporaneous objections at trial.

**II.       Government's Motion in Limine No. 2**

The Government's second motion in limine requests that the Court admit the contents of Defendant's cell phone and the material witness's cell phone. (Doc. No. 80 at 11.) In response, Defendant argues that this motion in limine should be denied because the Government's request is vague and not everything in the cell phone is material and admissible under the Federal Rules of Evidence. (Doc. No. 89 at 3-4.) Defendant contends that the cell phone contains statements that should be precluded as violations of the best evidence rule, as inadmissible hearsay, and as violations of the Confrontation Clause. (Id. at 3.)

In reply, the Government identifies the specific contents of the cell phones that it is seeking to introduce. (Doc. No. 99 at 3.) The Government also addresses Defendant's challenges to Defendant's post-arrest statements regarding his WhatsApp messages on his cell phone and contends that they do not violate the best evidence rule, they are not hearsay, and they do not violate the Confrontation Clause. (Id. at 3–5.) Specifically, the Government argues that the statements meet the exception to the best evidence rule set forth in Rule 1004(b), (c) because the Government has been unable to access the contents of Defendant's cell phone, and Defendant has not provided consent to the download of his phone's contents. (Id. at 4–5.) The Government further argues that BPA Ibarra's statements are questions and, thus, do not constitute hearsay, and Defendant's statements qualify for the adoptive admission by party opponent exception to hearsay. (Id. at 5.) Finally, the Government argues that the Confrontation Clause is not violated because BPA Ibarra will testify at trial and can be cross-examined by Defendant. (Id.)

The Court grants the Government's second motion in limine. The post-arrest statements at issue identified by Defendant: (1) do not violate the best evidence rule, see

Fed. R. Evid. 1004(b), (c); (2) either are not hearsay because they are questions or are permissible under the state of mind exception to hearsay, specifically as proof of Defendant's knowledge, and the adoptive admission by party opponent exception to hearsay; and (3) do not violate the Confrontation Clause because the statements either are not testimonial, Defendant's own statements, or statements by BPA Ibarra and Defendant will have the opportunity to cross-examine BPA Ibarra at trial. The Court admits the cell phone evidence subject to the Government laying a proper foundation at trial and without prejudice to contemporaneous objections at trial.

**III.      Government's Motion in Limine No. 3**

The Government's third motion in limine requests that the Court admit expert testimony from a certified Spanish to English translator, Ruth Aida Smith, who translated messages from the material witnesses' cell phone. (Doc. No. 80 at 11–13.) The Government also requests that the Court admit certain evidence regarding the cell phone extractions. (Id. at 13–14.) The Government contends that cell phone extraction testimony is not expert testimony. (Id. at 13.)

In response, Defendant states that he does not oppose the admission of the testimony of the Spanish to English translator, Ruth Aida Smith. (Doc. No. 89 at 4.) As to the cell phone extraction testimony, Defendant contends that such testimony is permissible as long as the witness is precluded from testifying about the reliability of the cell phone extraction software, how well the software performs, or any other "technical concepts" regarding the extractions of the phones. (Id. at 5.) In reply, the Government represents that the issues regarding the proposed cell phone extraction testimony are now moot because the parties have reached an agreement in principle regarding the authenticity of the forensic downloads of Defendant's and the material witness' cell phones. (Doc. No. 99 at 6.)

The Court grants the Government's third motion in limine. The Court admits the Government's proposed expert testimony subject to the Government laying a proper foundation at trial and without prejudice to contemporaneous objections at trial.

/ / /

### IV. Government's Motion in Limine No. 4

The Government's fourth motion in limine requests that the Court admit certain evidence regarding Defendant's demeanor and physical appearance. (Doc. No. 80 at 14.) The Government contends that this demeanor and physical appearance evidence is admissible as circumstantial evidence that is helpful to the jury's determination of whether Defendant knew the material witness. (Id.)

In response, Defendant states that he objects to this motion in limine on the grounds that it is vague, and Defendant states he reserves his right to make further objections at trial to such evidence. (Doc. No. 89 at 5.) Defendant states that he objects to the admission of testimony about his demeanor to the extent that the witness's testimony goes beyond the parameters of Federal Rule of Evidence 701. (Id.) In reply, the Government requests that the Court assess questions soliciting testimony regarding demeanor on an individualized basis and reserve ruling until trial. (Doc. No. 99 at 6.)

The Court grants the Government's third motion in limine. The Court admits the demeanor and physical appearance evidence subject to the Government laying a proper foundation at trial and without prejudice to contemporaneous objections at trial.

### V. Government's Motion in Limine No. 5

The Government's fifth motion in limine requests that the Court exclude any evidence of duress or necessity absent a pre-trial offer of proof by the Defendant as to the defenses. (Doc. No. 80 at 15–16.) In response, Defendant contends that this motion in limine is moot because he will not present a defense of duress or necessity at trial. (Doc. No. 89 at 6.) In reply, the Government agrees that this motion in limine is moot. (Doc. No. 99 at 6.) As such, the Court denies the Government's fifth motion in limine as moot.

### VI. Government's Motion in Limine No. 6

The Government's sixth motion in limine requests that the Court exclude any unnoticed defense experts. (Doc. No. 80 at 16.) The Government notes that Defendant has not provided notice of any expert as required by Federal Rule of Criminal Procedure 16(b). (Id.) In response, Defendant states that it does not oppose this motion in limine

provided that the Government is also precluded from introducing any unnoticed expert testimony. (Doc. No. 89 at 6.) The Court denies the Government's sixth motion in limine as moot.

### VII.      Government's Motion in Limine No. 7

The Government's seventh motion in limine requests that the Court exclude witnesses from trial other than the case agent pursuant to Federal Rule of Evidence 615. (Doc. No. 80 at 16–17.) In response, Defendant states that he does not oppose this motion in limine provided that Defendant's investigator, like the Government's case agent, be permitted to be present during the trial. (Doc No. 89 at 6.) In reply, the Government states that it does not oppose Defendant's investigator being present during the trial. (Doc. No. 99 at 6.)

The Court grants the Government's seventh motion in limine. Pursuant to Federal Rule of Evidence 615, the Court sequesters all government and defense witness, except those exempted under the rule, from the courtroom until they have completed their testimony.

### VIII.     Government's Motion in Limine No. 8

The Government's eighth motion in limine requests that the Court exclude any evidence or argument referring to Defendant's health, age, education, family circumstances, finances, or potential penalties. (Doc. No. 80 at 17.) The Government argues that such evidence is irrelevant, and, therefore, it should be excluded pursuant to Federal Rule of Evidence 402. (Id.) The Government further argues that even if the evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice, and therefore, it should be excluded pursuant to Federal Rule of Evidence 403. (Id.) In response, Defendant states that it will follow the Federal Rules of Evidence and relevant law at trial. (Doc. No. 89 at 6–7.)

The Court grants in part and denies in part the Government's eight motion in limine. The Court precludes Defendant from presenting any evidence or argument regarding the potential penalties that Defendant is facing. The Court denies the remainder of the motion

in limine without prejudice to a contemporaneous objection at trial on a question-by-question basis.

## IX.     Government's Motion in Limine No. 9

The Government's ninth motion in limine requests that the Court allow the parties' ten minutes of attorney-conducted voir dire of the jury pool. (Doc. No. 80 at 17.) In response, Defendant states that it joins in the Government's motion for attorney-conducted voir dire. (Doc No. 89 at 7.)

The Court grants in part and denies in part this motion in limine and defers ruling on this motion in limine until the time of trial. The Court will do its own questioning of the prospective jurors, the Court will consider the questions contained in the parties' filed proposed voir dire, and the Court might then allow for some attorney-conducted voir dire depending on the circumstances. The Court will follow the Arizona Blind Strike method for challenges to prospective jurors.

## X.     Government's Motion in Limine No. 10

The Government's tenth motion in limine requests that the Court issue an order requiring Defendant to provide all reciprocal discovery to which the Government is entitled to under Federal Rules of Criminal Procedure 16(b) and 26.2. (Doc. No. 80 at 17–18.) In response, Defendant states that it does not oppose this motion in limine. (Doc. No. 89 at 7.)

The Court grants the Government's tenth motion in limine. Defendant must provide all reciprocal discovery to which the Government is entitled to under Federal Rules of Criminal Procedure 16(b) and 26.2.

## XI.    Government's Motion in Limine No. 11

The Government's eleventh motion in limine requests that the Government be granted leave to file further motions in limine. (Doc. No. 80 at 18.) In response, Defendant states that it does not oppose this motion in limine provided that the defense is also permitted to file additional motions in limine that may arise from the evidence produced or information learned after the filing of the parties' original motions in limine. (Doc. No. 89

at 7.) The parties may request a ruling from the Court on this motion in limine at the time of trial.

### XII.     Defendant's Motion in Limine No. 1

Defendant's first motion in limine requests that the Court preclude the Government from mentioning the alleged presence of a drone on the day of the alleged offense. (Doc. No. 77 at 3–5.) Defendant contends that this evidence is irrelevant, and, therefore, it should be excluded pursuant to Federal Rules of Evidence 401 and 104(b). (Id. at 4.) In addition, Defendant contends that, even if relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and misleading the jury, and therefore, it should be excluded pursuant to Federal Rule of Evidence 403. (Id. at 4–5.) Finally, Defendant argues that such testimony would fall with the scope of expert testimony under Federal Rule of Evidence 702, and the Government has not provided timely notice of such expert testimony. (Id. at 5.)

In response, the Government contends that such evidence is relevant because it helps demonstrate BPA Wemhoener's thought process and explain why he suspected an alien smuggling event was about to occur. (Doc. No. 87 at 2.) In addition, the Government contends that such testimony is lay opinion testimony, not expert testimony. (Id. at 3.) Nevertheless, the Government agrees not to reference the drone at trial. As such, the Defendant's first motion in limine is moot.

### XIII.    Defendant's Motion in Limine No. 2

Defendant's second motion in limine requests that the Court exclude testimony regarding the structure or modus operandi of alien smuggling organizations. (Doc. No. 77 at 5–6.) Defendant notes that the Government has not provided written notice of its intent to introduce expert testimony on this. (Id.)

In response, the Government contends that this motion in limine is moot because it will not present any expert testimony at trial regarding alien smuggling organizations. (Doc. No. 87 at 3.) Its agents may testify about their lay opinions based on their training and education. In reply, Defendant agrees that this motion in limine is moot. (Doc. No.

97 at 4.) As such, the Court denies Defendant's second motion in limine as moot.

**XIV.        Defendant's Motion in Limine No. 3**

Defendant's third motion in limine requests that the Court exclude evidence of Defendant's 2009 burglary conviction and his 2010 grand theft conviction. (Doc. No. 77 at 6–8.) Defendant argues that both convictions are over 15 years old, had been reduced to misdemeanors, and were ultimately dismissed pursuant to California Penal Code § 1203.4, and, therefore, Federal Rule of Evidence 609 does not allow for the introduction of these convictions as impeachment evidence. (Id.)

In response, the Government clarifies that it only intends to impeach the Defendant with these prior convictions if Defendant testifies that he has no prior criminal history. (Doc. No. 87 at 3–4.) In reply, Defendant contends that this motion in limine is now moot because, at trial, he will not testify that he has no prior criminal history. (Doc. No. 97 at 4.)

The Court denies Defendant's third motion in limine as moot. But should Defendant testify at trial, the Court reserves the right to hear a further proffer from the Government on this issue outside the presence of the jury.

**XV.        Defendant's Motion in Limine No. 4**

Defendant's fourth motion in limine requests that the Court preclude the Government from introducing the portions of Defendant's post-arrest statement that include a disclosure that he was on court probation in a state case. (Doc. No. 77 at 8.) Defendant argues that this statement should be excluded under Federal Rules of Evidence 401, 403, and 404. (Id.)

In response, the Government contends that this motion in limine is moot because it will not introduce Defendant's statement that he was on court probation. (Doc. No. 87 at 4.) In reply, Defendant agrees that this motion in limine is moot. (Doc. No. 97 at 4.) As such, the Court denies Defendant's fourth motion in limine as moot.

**XVI.        Defendant's Motion in Limine No. 5**

Defendant's fifth motion in limine requests that the Court exclude certain testimony

from law enforcement witnesses that are based on the agents' alleged "experience and training." (Doc. No. 77 at 8–10.) Defendant contends that such evidence constitutes expert testimony for which notice has not been provided. (Id. at 9.) Defendant also contends that the testimony should be excluded pursuant to Federal Rule of Evidence 403 because the evidence is substantially more prejudicial than probative. (Id.)

In response, the Government argues that Defendant's motion should be denied because it is permitted to present the lay opinions of law enforcement witnesses. (Doc. No. 87 at 4–5.) The Government states that it will follow Federal Rule of Evidence 701, and, if the law enforcement officers present opinion testimony, it will be rationally based on the witness' perception; helpful to clearly understand the witness' testimony or determine a fact in issue; and not be based on scientific, technical, or other specialized knowledge. (Id. at 4.) The Government further represents that the law enforcement witness will base their lay opinions on their understanding of the scope of evidence collected in the case. (Id. at 5.) In reply, Defendant contends that the law enforcement officers cannot testify about what is common or uncommon for alien smuggling operations without such testimony constituting expert testimony under Rule 702 because it is based on the officer's specialized knowledge. (Doc. No. 97 at 6.)

The Court grants in part and denies in part Defendant's fifth motion in limine. The Government may present lay opinion testimony from the law enforcement officers that complies with Federal Rule of Evidence 701. See Fed. R. Evid. 701; United States v. Holmes, 129 F.4th 636, 649–50 (9th Cir. 2025); United States v. Holguin, 51 F.4th 841, 865–66 (9th Cir. 2022). Further, to the extent that some of the law enforcement testimony might cross over into expert testimony under Federal Rule of Evidence 702, Defendant has received notice that the Government will present such testimony, and, therefore, the Court will permit the Government to present such evidence. See Holmes, 129 F.4th at 649–50; United States v. Rodriguez, 971 F.3d 1005, 1019 (9th Cir. 2020).

### XVII. Defendant's Motion in Limine No. 6

Defendant's sixth motion in limine requests that the Court compel the Government

to identify any contents from Defendant's cell phone or the material witness' cell phone or any other statements that they intend to introduce at trial. (Doc. No. 77 at 10.) In response, the Government states that it is unaware of any obligation requiring such a disclosure, and, therefore, this motion in limine should be denied. (Doc. No. 87 at 7.) The Government further represents that, nevertheless, it has identified for Defendant portions of the body worn camera recordings, portions of the Defendant's post-arrest interview, WhatsApp messages from the Material Witness' phone, Apple Maps screenshot and location data from the Defendant's phone that it intends to introduce into evidence. (Id.)

The Court agrees with the Government. The Court denies the Defendant's sixth motion in limine without prejudice to a contemporaneous objection at trial.

**XVIII.      Defendant's Motion in Limine No. 7**

Defendant's seventh motion in limine requests that the Court preclude testimony regarding un-preserved data from Defendant's cell phone. (Doc. No. 77 at 10–12.) Defendant contends that such evidence should be excluded pursuant to the best evidence rule as contained in Federal Rule of Evidence 1002. (Id.)

In response, the Government contends that the best evidence rule does not bar admission of the testimony. (Doc. No. 87 at 7–9.) The Government explains that it was unable to obtain WhatsApp conversations from Defendant's phone because Defendant did not provide consent for the download, and the Government does not have the passcode to the phone. (Id. at 8–9.) In light of this, the Government contends that the exceptions to the best evidence rule set forth in Federal Rule of Evidence 1004(b), (c) is applicable here. (Id.) In reply, Defendant contends that the exceptions set forth in Rule 1004 don't apply and that admission of the statements would also violate the Confrontation Clause and the prohibition against hearsay. (Doc. No. 97 at 7–10.)

The Court agrees with the Government. The post-arrest statements at issue identified by Defendant: (1) do not violate the best evidence rule, see Fed. R. Evid. 1004(b), (c); (2) either are not hearsay because they are questions by BPA Ibarra or are permissible under the state of mind exception to hearsay, specifically as proof of Defendant's

knowledge, and the adoptive admission by party opponent exception to hearsay; and (3) do not violate the Confrontation Clause because the statements either are not testimonial, Defendant's own statements, or statements by BPA Ibarra and Defendant will have the opportunity to cross-examine BPA Ibarra at trial. As such, the Court denies the Defendant's seventh motion in limine without prejudice to a contemporaneous objection at trial.

**XIX.     Defendant's Motion in Limine No. 8**

Defendant's eighth motion in limine requests that the Court preclude the introduction of any alleged co-conspirator statements absent pre-identification and a Bourjaily hearing. (Doc. No. 77 at 12–13.) In response, the Government argues that this motion in limine should be denied. (Doc. No. 87 at 9–11.) The Government explains that the material witness' statements in the record establish that a conspiracy to smuggle her from Mexico to the United States existed amongst various co-conspirators. (Id. at 10.) In reply, Defendant contends that although there is evidence of a conspiracy to smuggle Defendant into the United States, there is no evidence suggesting that Defendant was involved in the conspiracy or was aware of the conspiracy. (Doc. No. 97 at 10–11.)

The Court agrees with the Government. The Court denies the Defendant's eighth motion in limine without prejudice to a contemporaneous objection at trial.

**XX.     Defendant's Motion in Limine No. 9**

Defendant's ninth motion in limine requests that should the Government seek to admit partial messages, phone calls, recordings, or statements, that the Court permit Defendant to give context to those statements under Federal Rule of Evidence 1006 (the rule of completeness). (Doc. No. 77 at 13.) In response, the Government argues that this motion in limine should be denied, and the Government represents that, prior to the trial, it will reach out to defense counsel to determine if Defendant has any specific rule-of-completeness concerns. (Doc. No. 87 at 11.)

The Court denies the Defendant's ninth motion in limine. Defendant must raise this issue at trial as the evidence at issue is admitted.

## XXI. Defendant's Motion in Limine No. 10

Defendant's tenth motion in limine requests that the Court admit certain prior statements by Defendant for context (rule of completeness) and non-hearsay purposes. (Doc. No. 77 at 13–14.) In response, the Government argues that this motion in limine should be denied. (Doc. No. 87 at 12–13.) The Government contends that the parties should follow the Federal Rules of Evidence, and, as such, Defendant cannot admit his own hearsay statements. (Id. at 13.)

The Court denies the Defendant's tenth motion in limine. Defendant must raise this issue at trial.

## XXII. Defendant's Motion in Limine No. 11

Defendant's eleventh motion in limine requests that the Court exclude any unnoticed Rule 404(b) evidence. (Doc. No. 77 at 14–15.) Defendant notes that, to date, the defense has not received any notice of the Government's intent to introduce any Rule 404(b) evidence. (Id. at 15.)

In response, the Government contends that this motion in limine is moot because it does not seek to introduce any 404(b) evidence in this case. (Doc. No. 87 at 13.) In reply, Defendant agrees that this motion in limine is moot. (Doc. No. 97 at 11.) As such, the Court denies the Defendant's eleventh motion in limine as moot.

## XXIII. Defendant's Motion in Limine No. 12

Defendant's twelfth motion in limine requests that the Court exclude any unnoticed expert testimony by the Government. (Doc. No. 77 at 15.) In response, the Government argues that the Court should admit its proposed expert testimony. (Doc. No. 87 at 14; see Doc. No. 80 at 11–14.)

The Court grants Defendant's twelfth motion in limine absent further order of the Court.

## XXIV. Defendant's Motion in Limine No. 13

Defendant's thirteenth motion in limine requests that the Court exclude any evidence that has not yet been produced from being used during the Government's case-in-chief.

(Doc. No. 77 at 15.) In response, the Government argues that this motion in limine should be denied as it attempts to create an artificial discovery cutoff of September 15, 2025. (Doc. No. 87 at 14–15.) The Government further represents that it complied with all of its discovery obligations under Federal Rule of Criminal Procedure 16. (Id.)

The Court concludes that the motion is moot.

### XXV.  Defendant's Motion in Limine No. 14

Defendant's fourteenth motion in limine requests that the Court exclude any Spanish-language translations that have not been produced on or before the parties' agreed upon deadline of September 19, 2025. (Doc. No. 77 at 15.) In response, the Government contends that this motion in limine is moot because the Government has provided all the Spanish-to-English translations it will seek to introduce as evidence at trial. (Doc. No. 87 at 15.) As such, the Court denies Defendant's fourteenth motion in limine as moot.

### XXVI.  Defendant's Motion in Limine No. 15

Defendant's fifteenth motion in limine requests that the Court permit attorney-conducted voir dire of the jury pool. (Doc. No. 77 at 16.) In response, the Government states that it does not oppose Defendant's request for attorney-conducted voir dire provided that an equal opportunity for voir dire is afforded to both sides. (Doc. No. 87 at 16.)

The Court grants in part and denies in part this motion in limine and defers ruling on this motion in limine until the time of trial. The Court will do its own questioning of the prospective jurors, the Court will consider the questions contained in the parties' filed proposed voir dire, and the Court might then allow for some attorney-conducted voir dire depending on the circumstances. The Court will follow the Arizona Blind Strike method for challenges to prospective jurors.

### XXVII.  Defendant's Motion in Limine No. 16

Defendant's sixteenth motion in limine requests leave to file further motions in limine. (Doc. No. 77 at 16.) In response, the Government states that it does not oppose Defendant's request for leave to file further motions in limine. (Doc. No. 87 at 16.) The parties may request a ruling from the Court on this motion in limine at the time of trial.

**XXVIII.     Defendant's Motion in Limine No. 17**

Defendant's seventeenth motion in limine requests that the Court exclude certain iCloud data. (Doc. No. 90.) Defendant explains that, on September 23, 2025, the Government informed defense counsel that it has received over 128 gigabytes of data from an iCloud account pursuant to a search warrant, and the Government produced to defense counsel a spreadsheet containing 88,865 rows of data and offered for defense counsel to pick up the 128 gigabytes of data. (Id. at 1.)

Defendant contends that this iCloud data should be excluded because of the Government's delay in obtaining and producing it. (Id. at 1–2.) Defendant also contends that the evidence should be excluded because the search warrant used to obtain the data was not supported by probable cause. (Id. at 2–4.)

In response, the Government argues that this motion in limine should be denied. (Doc. No. 98 at 1.) The Government contends that Defendant has not be prejudiced by the timing of this discovery because Defendant controls his own iCloud account, and he could have reviewed the account's contents any time after he was released from custody on October 31, 2024, and the Government seeks to introduce only 18 messages from the iCloud data. (Id. at 1–2, 6–8.) In addition, the Government contends that the search warrant was supported by probable cause because it identified that: (1) Defendant showed his WhatsApp messages on his iPhone to Border Patrol agents; (2) the two forensic extractions from the Defendant's iPhone did not include the WhatsApp messages; and (3) the Defendant's iPhone backed up to the iCloud account associated with the iPhone on October 22, 2024 (the day before Defendant's arrest), which may include the WhatsApp messages. (Id. at 2–3, 8–10.)

///
///
///
///
///

The Court agrees with the Government. The Court denies Defendant's seventeenth motion in limine without prejudice to a contemporaneous objection at trial, but the Court continues the trial to October 1, 2025 to give the Defendant time to review the subject discovery. The Court provided the opportunity for a longer continuance, but the Defendant declined.

**IT IS SO ORDERED.**

DATED: September 29, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT