UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>v.<br><br>MANUEL FLORES-RODRIGUEZ II,<br><br>                                      Defendant. | Case No.: 24-cr-02386-H-1<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE RE: iCLOUD TEXT MESSAGES**<br><br>[Doc. No. 119.] |

       On September 30, 2025, Defendant, represented by Federal Defenders, filed an additional motion in limine to exclude certain text messages from Defendant's iCloud account. (Doc. No. 119.) In the motion, Defendant argues that messages 9 through 13 and 18 should be excluded pursuant to the marital communications privilege, the rule against hearsay, Confrontation Clause grounds, and Federal Rules of Evidence 401 and 403. (Id. at 2–5.) Defendant also argues that messages 1 through 8 should be excluded pursuant to Rule 401 because they are irrelevant and pursuant to the 403 because they unfairly suggest that Defendant had a motive to commit the charged crime due to under or un-employment. (Id. at 5–6.) Defendant also requests, in the alternative, if the Court admits text messages 1 through 8, that the Court also admit two additional text messages under the rule of completeness. (Id. at 6.)

       On September 30, 2025, the Government filed a response in opposition to Defendant's September 30, 2025 motion in limine. (Doc. No. 120.) In response, the

Government argues that messages 9 through 13 and 18 are not barred by the martial communications privilege because the exception does not apply where the communications are designed to further criminal activity or in a situation where the spouses are co-conspirators. (Id. at 1–6.) The Government also argues that messages 9 through 13 and 18 are relevant to Defendant's knowledge and are not unfairly prejudicial. (Id. at 6.) As to messages 1 through 8, the Government explains that it is not introducing these messages to comment on Defendant's financial situation; rather, the Government is seeking to introduce these messages for impeachment purposes, specifically, to show that Defendant was not truthful during his post-arrest statement when he said: "I'm not doing this for money. I don't need money." (Id. at 6–7.) Finally, the Government states that it does not oppose Defendant's alternative motion to include two additional text messages under the rule of completeness. (Id. at 7.)

The Court denies Defendant's September 30, 2025 motion in limine. The Court agrees with the Government that messages 9 through 13 and 18 are not barred by the marital communications privilege. See United States v. Marashi, 913 F.2d 724, 730-31 (9th Cir. 1990); United States v. Vo, 305 F. App'x 431, 432 (9th Cir. 2008). In addition, the messages are relevant to the knowledge requirement of the charged offense and not unfairly prejudicial; the messages qualify for admission under the party-opponent and state of mind exceptions to hearsay; and the messages are non-testimonial and, therefore, there is no Confrontation Clause issue. In addition, the Court agrees with the Government that messages 1 through 8 are relevant for impeachment purposes are not unfairly prejudicial. And the Court grants Defendant's unopposed request to admit two additional text messages pursuant to the rule of completeness.

**IT IS SO ORDERED.**

DATED: October 1, 2025

                                _/s/ Marilyn L. Huff_
                                MARILYN L. HUFF, District Judge
                                UNITED STATES DISTRICT COURT